# Exhibit



FILED: ORANGE COUNTY CLERK 04/19/2018 05:14 PM
NYSCEF DOC. NO. 1

INDEX NO. EF004350-2018
RECEIVED NYSCEF: 04/19/2018

Date of Filing:                    Index #:

                                                    Plaintiff designates Orange
                                                    County as the place of trial.

                                                    The basis of the venue is
                                                    the residence of Plaintiff

                                                    Plaintiff resides at:
                                                    216 Crystal Drive
SUPREME COURT OF THE STATE OF NEW YORK     Maybrook, NY 12543
COUNTY OF ORANGE
------------------------------------------------------------X
GLADYS LEANDRO,

                            Plaintiff,                    **SUMMONS**

    -against-

WALMART SUPERCENTER STORE #2637,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.,

                            Defendant.
------------------------------------------------------------X
To the above-named defendant(s):

       **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 12, 2018
        Middletown, New York

                                          SOBO & SOBO L.L.P.

                                          Frank Arrieta, Esq.
                                          SOBO & SOBO, LLP
                                          *Attorneys for Plaintiff*
                                          One Dolson Avenue
                                          Middletown, NY 10940
Defendants' addresses: See Complaint    (845) 343-7626

FILED: ORANGE COUNTY CLERK 04/19/2018 05:14 PM
NYSCEF DOC. NO. 1

INDEX NO. EF004350-2018
RECEIVED NYSCEF: 04/19/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X   Index No.:
GLADYS LEANDRO,

                                Plaintiff,

    -against-                                                  VERIFIED COMPLAINT

WALMART SUPERCENTER STORE #2637,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.,

                                Defendants.
-----------------------------------------------------------------X

    Plaintiff, GLADYS LEANDRO, by her attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

    1.    That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Orange, State of New York.

    1.    That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE # 2637, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

    3.    That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE # 2637, was and still is a foreign corporation duly authorized to do business within the State of New York.

    4.    That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE # 2637, was and still is a business entity doing business within the State of New York.

FILED: ORANGE COUNTY CLERK 04/19/2018 05:14 PM
NYSCEF DOC. NO. 1

INDEX NO. EF004350-2018
RECEIVED NYSCEF: 04/19/2018

5. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a foreign corporation duly authorized to do business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was and still is a business entity doing business within the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., was and still is a business entity doing business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

FILED: ORANGE COUNTY CLERK 04/19/2018 05:14 PM
NYSCEF DOC. NO. 1

INDEX NO. EF004350-2018
RECEIVED NYSCEF: 04/19/2018

12. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., was and still is a business entity doing business within the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE #2637, was the owner of a certain premises located at 288 Larkin Drive, Monroe, County of Orange, State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE #2637, maintained the aforesaid premises.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE #2637, managed the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE #2637, controlled the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE #2637, operated the aforesaid premises.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE #2637, was the lessee of the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, WALMART SUPERCENTER STORE #2637, was the lessor of the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was the owner of a certain premises located at 288 Larkin Drive, Monroe, County of Orange, State of New York.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, maintained the aforesaid premises.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, managed the aforesaid premises.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, controlled the aforesaid premises.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, operated the aforesaid premises.

26. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was the lessee of the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was the lessor of the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., was the owner of a certain premises located at 288 Larkin Drive, Monroe, County of Orange, State of New York.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., maintained the aforesaid premises.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., managed Walmart in Monroe the aforesaid premises.

FILED: ORANGE COUNTY CLERK 04/19/2018 05:14 PM
NYSCEF DOC. NO. 1

INDEX NO. EF004350-2018
RECEIVED NYSCEF: 04/19/2018

31. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., controlled the aforesaid premises.

32. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., operated the aforesaid premises.

33. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., was the lessee of the aforesaid premises.

34. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES, INC., was the lessor of the aforesaid premises.

35. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., was the owner of a certain premises located at 288 Larkin Drive, Monroe, County of Orange, State of New York.

36. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., maintained the aforesaid premises.

37. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., managed the aforesaid premises.

38. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., controlled the aforesaid premises.

39. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., operated the aforesaid premises.

40. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., was the lessee of the aforesaid premises.

41. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART ASSOCIATES, INC., was the lessor of the aforesaid premises.

42. That at all times hereinafter mentioned, Frozen food section of Walmart located on the aforesaid premises was the situs of the within accident.

43. That on or about the 12th day of July 2015, while this plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

44. The negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

45. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; in acting with reckless disregard for the safety of others, and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

46. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

47. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

48. That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for

FILED: ORANGE COUNTY CLERK 04/19/2018 05:14 PM
NYSCEF DOC. NO. 1

INDEX NO. EF004350-2018
RECEIVED NYSCEF: 04/19/2018

the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

49. That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows: A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

Dated: March 12, 2018
Middletown, New York

Respectfully,
SOBO & SOBO L.L.P.

Frank Arrieta, Esq.
SOBO & SOBO, LLP
*Attorneys for plaintiff*
One Dolson Avenue
Middletown, NY 10940
(845) 343-7626

To:
MONROE SUPERCENTER #2637
288 Larkin Drive
Monroe, New York 10950
Defendant in Person

WAL-MART STORES EAST, LP
Care of Secretary of State
Albany, New York

WAL-MART STORES, INC
Care of Secretary of State
Albany, New York

WAL-MART ASSOCIATES, INC
Care of Secretary of State
Albany, New York

8

## VERIFICATION

STATE OF NEW YORK )
                              )ss:
COUNTY OF ORANGE )

    GLADYS LEANDRO, being duly sworn says; I am one of the plaintiffs in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

*(signature)*
GLADYS LEANDRO

Sworn to before me on this
March 12, 2018

*(signature)*
NOTARY PUBLIC

Frank J. Arriein
Notary Public, State of New York
Qualified in Westchester County
No. 41-4863130
Expires 5/27/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

Index No.

-----------------------------------------------------------------X

GLADYS LEANDRO,

        Plaintiff(s),

-against-

WALMART SUPERCENTER STORE #2637,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.,

        Defendant(s).

-----------------------------------------------------------------X

SERVED BY
WWW.SERVICO.COM
SPECIALISTS IN ALL LEGAL PAPERS

## SUMMONS AND VERIFIED COMPLAINT

### SOBO & SOBO, LLP
*Attorneys for Plaintiff*
One Dolson Avenue
Middletown, NY 10940

(845) 343-7226

WM 18-228 PO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------X
GLADYS LEANDRO,

          Index No.: EF004350/18

          Plaintiff,

-against-

          **VERIFIED ANSWER**

WALMART SUPERCENTER STORE #2637,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.,

          Defendants.
-------------------------------------------------------------X

      The defendant, WAL-MART STORES EAST, LP i/s/h/a "WALMART SUPERCENTER STORE #2637, WAL-MART STORES EAST, LP, WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC.", by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

      FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

      SECOND: Defendant denies the allegations set forth in the second paragraph marked "1", and paragraphs marked "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", '36", "37", "38", "39", "40", and "41", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York, is a sublessee of that portion of the premises comprising the Wal-Mart store, and is the operator of the Monroe Wal-Mart, leaving all other questions to the Court.

THIRD: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "42", and "43", and each and every part thereof.

FOURTH: Defendant denies the allegations set forth in paragraphs marked "44", "45", and "46", and each and every part thereof.

FIFTH: Defendant denies the allegations set forth in paragraph marked "47", and respectfully refers all questions of law to the trial Court.

SIXTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "48", and "49", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SEVENTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EIGHTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

NINTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a "WALMART SUPERCENTER STORE #2637, WAL-MART STORES EAST, LP, WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC.", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       May 16, 2018

                                    Yours, etc.

                                    BRODY, O'CONNOR & O'CONNOR, ESQS.
                                    Attorneys for Defendant

                            By:     _____
                                    PATRICIA A. O'CONNOR
                                    7 Bayview Avenue
                                    Northport, New York 11768
                                    (631) 261-7778
                                    File No.: WM 18-228 PO

TO:   SOBO & SOBO, LLP
      Attorneys for Plaintiff
      One Dolson Avenue
      Middletown, New York 10940
      (845) 343-0466

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
       May 16, 2018

                                                _____
                                                PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK )
) ss:
COUNTY OF SUFFOLK )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 17 day of May, 2018, deponent served the within VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

UPON:

SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, New York 10940
(845) 343-0466

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA SANACORA

Sworn to before me this
17 day of May, 2018.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02OC6028806
Qualified in Suffolk County
My Commission Expires 06-06-18

Index No. EF004350/18   Year 20

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF ORANGE

GLADYS LEANDRO,

                                                    Plaintiff,

-against-

WALMART SUPERCENTER STORE #2637, WAL-MART STORES EAST, LP, WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC.,

                                                    Defendants.

## VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

### BRODY, O'CONNOR & O'CONNOR, ESQS.

Attorneys for

Defendant WAL-MART STORES EAST, LP
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-6411

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: _____   Signature: _____

Print Signer's Name: _____

Service of a copy of the within _____ is hereby admitted.

Dated: _____

Attorney(s) for _____

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a _____
entered in the office of the clerk of the within-named Court on _____ 20__

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within-named Court,
at _____
on _____ 20__ at _____ M.

Dated: _____

### BRODY, O'CONNOR & O'CONNOR, ESQS.

Attorneys for